IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CV-488

| | |
|---|---|
| TRACY SEMPOWICH, | ) |
| Plaintiff, | ) |
| vs. | ) NOTICE OF REMOVAL OF CIVIL |
| | ) ACTION FROM STATE COURT |
| TACTILE SYSTEMS TECHNOLOGY, INC. | ) TO FEDERAL COURT |
| d/b/a TACTILE MEDICAL, | ) |
| Defendants, | ) |

PLEASE TAKE NOTICE THAT Tactile Systems Technology, Inc., d/b/a Tactile Medical (the "Defendant"), by its attorneys, pursuant to 28 U.S.C. § 1441, hereby gives notice of removal of the above captioned matter from the Superior Court of the State of North Carolina, County of Wake to the United States District Court for the Eastern District of North Carolina. The grounds for removal are as follows:

**Background**

1. On September 25, 2018, Bryan Rishe, Vice President of Sales at Defendant, accepted service of a Summons and Amended Complaint captioned *Tracy Sempowich v. Tactile Systems Technology, Inc.* ("Amended Complaint"), which has since been filed and assigned case number 18-CV-10846. *See Summons* and Amended Complaint attached hereto as Exhibit A. Exhibit A constitutes all process, pleadings, orders, and other documents served upon the Defendant to date in such action.[1]

---

[1] Defendant has never been served with or otherwise received the original Complaint.

2. This Court is the United States District Court for the Eastern District of North Carolina, Western Division, which is the district and division in which the state court action referred to in Paragraph 1 above is pending. L.R. 40.1.

3. The United States District Court for the Eastern District of North Carolina, Western Division has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## Basis for Removal – Federal Question/Supplemental Jurisdiction

4. The United States District Court for the Eastern District of North Carolina has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's Amended Complaint is founded upon claims or rights arising under the laws of the United States. Specifically Plaintiff makes claims under the Equal Pay Act (29 U.S.C. § 216(b), *et seq.*) (Count I) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) (Counts II, III, IV).

5. The Court has supplemental jurisdiction over the state law claim pleaded by Plaintiff, wrongful termination in violation of North Carolina public policy (Count V), pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal claims that they form part of the same case or controversy.

## Basis for Removal – Diversity Jurisdiction

6. The United States District Court for the Eastern District of North Carolina has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under Section 1332, federal courts have jurisdiction over a case or controversy when (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy is in excess of the jurisdictional threshold of $75,000.

## Diversity of Citizenship

7. Plaintiff and Defendant are citizens of separate states. See 28 U.S.C. § 1332(d)(2)(A).

8. Plaintiff is a citizen of the State of North Carolina, residing in Apex, North Carolina. Exhibit A, ¶ 7.

9. Defendant is a Delaware corporation, with its principal place of business in Minneapolis, Minnesota. Exhibit A, ¶ 9.

10. Accordingly, for purposes of diversity jurisdiction, Defendant is a citizen of the States of Delaware and Minnesota. 28 U.S.C. § 1332(c)(1).

11. Because Defendant is not a citizen of North Carolina, where Plaintiff brought the State Court action, the case is removable under 28 U.S.C. § 1441(b).

## Amount in Controversy

12. Generally, courts reference the face of a plaintiff's complaint to determine the amount in controversy. However, in states, like North Carolina, that prohibit a plaintiff from demanding a specific amount, the determination of the amount in controversy is not possible from the face of a plaintiff's complaint. *Matt v. Fifth Third Bank, Inc.*, No. 5:18-cv-101-BR, 2018 WL 3846310, at *2 (E.D.N.C. Aug. 13, 2018) (citing N.C. Gen. Stat. § 1A-1, Rule 8(a)(2)); *Dagiel v. Kemper Corp.*, Civ. NO. 1:11-cv-262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012).

13. When a complaint alleges no specific monetary amount, the removing party must only prove, by a preponderance of the evidence, that the jurisdictional minimum is met. *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009); *see also Matt v. Fifth Third Bank, Inc.*, No. 5:18-cv-101-BR, 2018 WL 3846310, at *2 (E.D.N.C. Aug. 13, 2018)

14. The removing party may present evidence bearing on the issue, including: the type and extent of the plaintiff's injuries, the possible damages recoverable therefore, including punitive damages, the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed, and any settlement demands made by the plaintiff prior to removal. *Dagiel v. Kemper Corp.*, Civ. NO. 1:11-cv-262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012) (quoting *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp.2d 864, 866 (S.D.W.Va. 2005)). In evaluating the evidence, the court is "not required to leave its common sense behind." *Id.* (internal quotations omitted).

15. Plaintiff claims, *inter alia*, that she was wrongfully removed from her position effective March 1, 2018, and that her employment with Tactile was wrongfully terminated effective March 30, 2018. Exhibit A. ¶ 108(a-b).

16. Plaintiff seeks to recover damages "including back pay, reinstatement or front pay, compensatory damages, attorneys' fees and costs of suit." Exhibit A ¶ 112.

17. Plaintiff also seeks punitive damages. Exhibit A ¶ 113.

18. As of February 28, 2018, Plaintiff's base salary was $150,000 annually, and her target incentive compensation was $120,000. Exhibit B hereto, Affidavit of Wendy Watt ("Watt Aff.") ¶ 4. Accordingly, based on these two components, Plaintiff's compensation was $270,000 annually, or approximately $5,192/week ("Target Compensation").

19. Accordingly, for the period March 30, 2018 up to the date of filing of this Notice of Removal, calculation of Plaintiff's claim for backpay based on her Target Compensation is approximately $145,376.

20. As Plaintiff has further indicated that she will seek front pay, attorneys' fees, costs of suit and punitive damages, the amount in controversy clearly exceeds the jurisdictional minimum.

**Compliance with Procedural Requirements**

21. This Notice of Removal is being filed within 30 days after receipt by Defendant of a copy of the Summons and Amended Complaint and is timely under 28 U.S.C. § 1446(b).

22. After filing this Notice of Removal, Defendant will promptly serve written notice of removal upon Plaintiff and will file a true and correct copy of the Notice of Removal with the Clerk of the Superior Court of the State of North Carolina, County of Wake.

23. This Notice of Removal does not waive any objections Defendant may have to jurisdiction, venue, failure to state a claim, damages, or any other defenses.

24. Pursuant to 28 U.S.C. §§ 1441, 1446(a), (b), and (c), this state court action, may be removed to the United States District Court for the Eastern District of North Carolina.

**WHEREFORE**, Defendant respectfully requests that the action now pending against it in the Superior Court of the State of North Carolina, County of Wake, be removed to the United States District for the Eastern District of North Carolina.

This 12th day of October 2018.    **WOMBLE BOND DICKINSON (US) LLP**

   /s/Theresa M. Sprain_____
Theresa M. Sprain, NCSB No. 24540
Rebecca C. Fleishman, NCSB No. 41233
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
      Rebecca.Fleishman@wbd-us.com

**ATTORNEYS FOR DEFENDANT**

Kristin Berger Parker (#0389249)
Carroll Theresa Bible (MN # 0399169)
Stinson Leonard Street LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Fax: (612) 335-1657
Email: kristin.parker@stinson.com
carroll.bible@stinson.com
**ATTORNEYS FOR DEFENDANT**
*Attorney Registration Pending*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on all counsel of record by first-class mail to:

Kathryn F. Abernethy
The Nobel Law Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
*Counsel for Plaintiff*

This 12th day of October, 2018.

**WOMBLE BOND DICKINSON (US) LLP**

  /s/Theresa M. Sprain
Theresa M. Sprain, NCSB No. 24540
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
**ATTORNEY FOR DEFENDANT**