IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:18-CV-488-D

TRACY SEMPOWICH,

    Plaintiff,

v.

TACTILE SYSTEMS TECHNOLOGY,
INC. d/b/a TACTILE MEDICAL,

    Defendant.

**PROTECTIVE ORDER**

The parties to this action, through their respective undersigned attorneys, hereby stipulate and agree that certain information, documents, and other discovery information provided or disclosed by the parties and by other persons or entities may contain confidential proprietary business or financial information regarding the defendant, personnel information on individual parties or non-parties, and private financial and personal information regarding the Plaintiff or non-parties.

**THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1.     As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "CONFIDENTIAL" documents are documents designated pursuant to paragraph 4;

    "Confidential – Attorneys' Eyes Only" documents as documents designated pursuant to paragraph 6;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. The parties' discovery will entail production of confidential documents and materials, including the following:

a. Defendant's personnel information regarding Plaintiff and potentially other current or former employees. Such information may contain, but is not limited to, sensitive personal identification information, dependent and/or spouse or family information, tax withholding documents, insurance and retirement plan enrollment information, and similar documents, or information provided by the employee or about the employee by a third party, that the employee reasonably believed that Defendant would maintain as a confidential employment record.

b. Documents containing Defendant's trade secret, confidential, proprietary, financial, and business information.

c. Documents, records, or other information that provide names, addresses, telephone numbers, employment dates, job titles, compensation, disciplinary action information, or other details about Defendant's current or former employees.

d. Information regarding income, tax withholding and pay records of Plaintiff, employees of Defendant, or non-parties;

e. Documents and information containing confidential and/or protected health information of any person, which may be redacted by the parties if practicable, unless discoverable under Rule 26; and

f. Any other category of information to which this Court subsequently affords confidential status.

3. The parties stipulate, and the Court finds that documents and information such as described in Paragraph 2 should be protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. Any party, in good faith, may designate information like that described in Paragraph 2 above (and in the related subparagraphs) as "CONFIDENTIAL," and subject to the protections in this Order, regardless of who produced or provided the information, subject to the procedure provided by Paragraph 5, below. Information designated as "CONFIDENTIAL" shall be used solely for purposes of prosecuting or defending this litigation and shall not be disclosed except as provided herein.

5. Access to any "CONFIDENTIAL" document shall be limited to:

a. the Court and its staff;

b. Attorneys, their law firms, and their Outside Vendors;

c. persons shown on the face of the document to have authored or received it;

d. court reporters retained to transcribe testimony;

e. the parties;

f. Expert witnesses retained by the parties pursuant to Fed. R. Civ. P. 26;

g. outside independent persons not otherwise described in 5(a)-(f) (i.e., persons not currently or formerly employed by or employing, consulting with, or otherwise

associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical services.

6. A party may also designate information or documents as "Confidential – Attorneys' Eyes Only" when an attorney on behalf of the party believes in good faith that the information contained therein is highly confidential, such that such information is not sufficiently protected by the procedures afforded to "CONFIDENTIAL" documents. Such documents may include but not be limited to documents that constitute, reflect, or disclose confidential or protected health information ("PHI") of non-parties, or information that is so commercially sensitive and/or confidential that disclosure pursuant to a designation of "CONFIDENTIAL" will not provide adequate protection to the interests of the party producing the document or information. In such cases, a "Confidential – Attorneys' Eyes Only" designation may be used if the highly confidential information must be produced consistent with Rule 26 and/or if it cannot be practicably be redacted by the producing party.

7. Access to any "Confidential – Attorneys' Eyes Only" document shall be limited to:

   a. the Court and its staff;

   b. Attorneys, their law firms, and their Outside Vendors;

   c. persons shown on the face of the document to have authored or received it;

   d. court reporters retained to transcribe testimony;

   e. Expert witnesses retained by the parties pursuant to Fed. R. Civ. P. 26;

In no case shall the materials designated as "Confidential – Attorneys' Eyes Only" be disclosed to any other employee, agent, officer, representative, consultant, or any other person affiliated with the other party to this Stipulation without consent of the designating party.

8. All "Confidential" and "Confidential – Attorneys' Eyes Only" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraphs 5 and 7. Any other use is prohibited.

9. Each person appropriately designated pursuant to paragraph 5(f)-(g) to receive "CONFIDENTIAL" or each person appropriately designated pursuant to paragraph 7(e) to receive "Confidential – Attorneys' Eyes Only" information shall execute a "Written Assurance" in the form attached as Exhibit A.

10. Nothing in this Order shall be taken as a non-producing party's consent that designated information is in fact "CONFIDENTIAL," "Confidential-Attorney's Eyes Only" or otherwise entitled to protection under Rule 26 of the Federal Rules of Civil Procedure. Any party may at any time prior to trial seek an order from the Court determining that information designated as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" is not entitled to the protections provided by this Order, or that the information may be disclosed to persons other than those named in this Order. Similarly, nothing herein precludes a party from asking the Court to extend the protection under this Order to information that a producing party has failed, or has refused, to designate as either "CONFIDENTIAL" or " Confidential – Attorneys' Eyes Only." These actions shall be taken by motion. If a motion is filed under this paragraph, the information in question shall continue to be treated by all parties as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" information, and all provisions of this Order shall be adhered to with respect to the same, until such time as the Court determines whether such protection(s) are warranted.

11. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein. Each party expressly reserves the right to assert that certain information is so highly confidential that it should not to be subject to disclosure under any circumstances.

12. Documents and other materials or information will be protected as "CONFIDENTIAL" or " Confidential – Attorneys' Eyes Only" information if the producing party or subject party places or affixes, or causes to be placed or affixed on such document a "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" stamp or equivalent label. In lieu of placing a stamp or equivalent label, the parties may also designate "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" documents by "Bates stamp number" or other identifying number when exchanged in this matter during the course of discovery or otherwise.

13. Testimony given at a deposition or hearing, and exhibits tendered in a deposition may be designated "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" either by stating the designation on the record, or by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines, and/or those exhibits, that are "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only." Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the 21-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "CONFIDENTIAL" or "Confidential-Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information.

14. Any party who inadvertently omitted to designate as "CONFIDENTIAL" or " Confidential – Attorneys' Eyes Only" a document or testimony may correct the designation by

written notification to the other parties' counsel, but any disclosure prior to such notification cannot be challenged or asserted as a violation of this Order.

15. All information designated "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" shall be maintained under the control of the parties' counsel of record. Such counsel shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

16. Before filing any information that has been designated "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall consult and follow the procedures set out in this paragraph of this order.

No party shall file any information designated as "Confidential – Attorneys' Eyes Only" with the Court, unless the highly confidential information therein is relevant to the claims and defenses in this matter, in which case such materials may be filed under seal, in accordance with the procedures for filing "CONFIDENTIAL" information, infra. In all other circumstances, the party who wishes to file a document containing highly confidential material as described in paragraph 6 of this order must confer with the producing party regarding whether such information can be redacted such that the document may be redesignated as "CONFIDENTIAL" or as non-confidential material, and must provide the producing party with a redacted and redesignated document for review prior to filing, or meet and confer 14 days in advance of the proposed filing.

Each time a party seeks to file under seal "CONFIDENTIAL" documents, things, and/or other information, said party shall accompany the request with a motion to seal that complies with the requirements of Section V.G of the Electronic Case Filing Administrative Policies and Procedures Manual (hereafter the "Policy Manual"). Any such motion shall be accompanied by a

proposed Order to Seal that sets forth proposed findings regarding: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) how such request to seal overcomes the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion.

When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, that the filing party has designated as "CONFIDENTIAL", the filing party shall file the proposed sealed document(s) pursuant to Local Rule 79.2, and will docket the proposed sealed document(s) as the first docket entry, using the CM/ECF events specifically created for sealed documents. If the filing party seeks to file a supporting memorandum of law under seal, the party will docket the proposed sealed memorandum of law as the second docket entry, using the PROPOSED SEALED Memorandum in Support event.

If any party files material designated "CONFIDENTIAL" by an opposing party, the filing party will provisionally file the material under seal in accordance with Local Civil Rule 79.2 and shall file and serve notice on the designating party. The designating party shall have seven (7) days after service of such notice to file a Motion to Seal in accordance with Section V.G.1 of the Policy Manual to maintain the "Confidential" material under seal.

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring to have particular information filed under seal does not timely file a Motion to Seal in accordance with this paragraph, the sealed materials submitted to the Court will be deemed unsealed and made a part of the public record, without any need for the Court to enter a formal ruling.

17. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information that is requested during discovery in this action.

18. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" information that it has produced or disclosed in this litigation.

19. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" information if the parties to this action and, if applicable, the non-party from which the material originated, or about whom it concerns, consents, or if the Court, on motion filed by the party seeking to make disclosure, orders that such additional disclosure is permitted.

20. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (a) is relevant and subject to discovery; (b) is or is not confidential business, personnel or personal information; or (c) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

21. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that was, is, or becomes public knowledge not in violation of this Order.

22. The provisions of this Order do not apply to documents introduced into evidence or testimony given during the actual trial of this matter, and such documents may be introduced into evidence at trial with the designation required by Paragraph 4 above removed, provided that the party offering the documents has first given notice in the Final Pretrial Order that it intends to

offer the document into evidence at trial. To the extent that a party believes a document should continue to be subject to protection at trial for reasons of confidentiality, that party shall file a proper motion requesting appropriate protections. The Court shall address any such motion and rule on it separate and apart from the terms set forth in this Order.

23. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

24. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. The parties should agree to reasonable extensions of time to complete the return or destruction of the "CONFIDENTIAL" information, if necessary.

25. Each person who receives "CONFIDENTIAL" or "Confidential – Attorneys' Eyes Only" information submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for purposes of the enforcement of this Order.

26. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior to entry by the Court.

27.     The parties, through counsel, have consented to the entry and terms of this Order.

Signed: March 12, 2019

*[signature]*

_____
United States Magistrate Judge

We consent:

For the Defendant

*/s/ Kristin Berger Parker*
Kristin Berger Parker, MN Bar No. 0389249
Carroll Theresa Wright, MN Bar No. 0399169
STINSON LEONARD STREET, LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
Email: Kristin.parker@stinson.com
*Attorneys for Defendants*

*/s/ Theresa M. Sprain*
Theresa M. Sprain, NCSB No. 24540
Rebecca C. Fleishman, NCSB No. 41233
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
PO Box 831
Raleigh, NC 27601
Telephone: (919) 755-2104
Facsimile: (919) 755-6785
Email: Theresa.Sprain@wbd-us.com
*Attorneys for Defendants*

For the Plaintiff

*/s/ Kathryn F. Abernethy*
Kathryn F. Abernethy
N.C. Bar No. 43933
THE NOBLE LAW FIRM, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
Email: Katie.abernethy@thenoblelaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:18-CV-488

TRACY SEMPOWICH,

       Plaintiff,

v.

TACTILE SYSTEMS TECHNOLOGY, INC. d/b/a TACTILE MEDICAL,

       Defendant.

**EXHIBIT A**

**TO**

**CONSENT PROTECTIVE ORDER**

Written Assurance

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:18-CV-488

TRACY SEMPOWICH,

   Plaintiff,

v.

TACTILE SYSTEMS TECHNOLOGY,
INC. d/b/a TACTILE MEDICAL,

   Defendant.

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Consent Protective Order entered in this case, and agrees to abide by the terms of that Consent Protective Order. I agree that, if any information is communicated to me that is marked "CONFIDENTIAL" or "Confidential-Attorney's Eyes Only," I will not use or disclose such information except for the purposes and on such terms as allowed by the terms of the Consent Protective Order, and I will return or destroy all information and documents (including all copies of such information or documents) as required by the Consent Protective Order. I hereby acknowledge that I am subject to the jurisdiction of the United States

District Court for the Eastern District of North Carolina with regard to this Protective Order and that the jurisdiction of the Court regarding that Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action and that violations of this Agreement may be punishable as contempt.

_____    _____
Name (Please print or type)        Date

Signature                          Position or Capacity in regard to this litigation
                                   (e.g., Jury Consultant, Expert Witness)