IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-488-D

| | |
|---|---|
| TRACY SEMPOWICH, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ORDER |
| TACTILE SYSTEMS TECHNOLOGY, INC., *d/b/a Tactile Medical*, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the court on Plaintiff Tracy Sempowich's motion to undesignate documents previously designated as confidential, [DE-28], and Defendant Tactile Systems Technology Inc.'s motions to seal, [DE-60, -71, -78, -119, -142]. The motions are referred to the undersigned for disposition. [DE-168]. For the reasons stated below, Sempowich's motion to undesignate [DE-28] is denied as moot, Tactile's motion to seal [DE-60] is denied as moot, Tactile's motions to seal [DE-71, -78, -142] are allowed, and Tactile's motion to seal [DE-119] is allowed in part and the court reserves ruling on the remainder.

I. **Background**

Sempowich was a Regional Sales Manager for Tactile from April 2014 until March 1, 2018. She brings claims against Tactile for employment discrimination based on sex and age, alleging she was offered a demotion that represented both a significant pay cut and a functional downgrade in order to open up her territory for a low-performing male colleague, Greg Seeling. Sempowich complained about the decision to remove her from the Regional Sales Manager position, and Tactile terminated her employment. Am. Compl. [DE-1-1].

During the course of discovery, Tactile produced nearly 400,000 documents and more than 300,000 were designated "confidential." Pl.'s Mot. [DE-28] ¶ 4. Tactile also designated deposition testimony and exhibits as confidential. *Id.* ¶ 5. After the conclusion of discovery, counsel for Sempowich sent a letter to counsel for Tactile regarding the breadth of Tactile's confidentiality designations. *Id.* ¶ 5. Dissatisfied with Tactile's response, Sempowich filed the instant motion to compel Tactile to remove the confidential designation from numerous deposition transcripts and exhibits. *Id.* ¶¶ 7–9. Tactile, in response to the motion, agreed to undesignate some documents, proposed that some confidential documents need not be filed under seal but should maintain their confidential designations, and asserted that the remaining documents were both confidential and warranted sealing. [DE-81]. Tactile subsequently filed motions to seal documents designated as confidential that were filed in support of summary judgment and related motions. [DE-60, -71, -78, -119, -142]. Sempowich opposes Tactile's motions. [DE-71, -85, -144, -151].

## II. Discussion

### A. Tactile's Motions to Seal

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed

2

in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, Tactile moves to seal the following materials: documents filed in support of Tactile's motion for summary judgment and Tactile's motion to exclude an expert report and testimony, [DE-60, -71]; documents filed in support of Tactile's opposition to Sempowich's motion for sanctions or, in the alternative, motion in limine, [DE-78]; documents filed in support of Sempowich's motion for summary judgment and in opposition to Tactile's motion for summary judgment, and a reply memorandum in support of Sempowich's motion for sanctions or, in the alternative, motion in limine and exhibits, [DE-119]; and documents filed in support of Tactile's motion for summary judgment and Tactile's reply in support thereof, [DE-142]. The documents filed in support of summary judgment briefing and Tactile's reply brief in support of summary judgment are judicial records subject to the right to access because "summary judgment adjudicates substantive rights." *Rushford*, 846 F.2d at 252. The remaining documents that were filed in support of briefing related to Tactile's motion to exclude an expert report and testimony and Sempowich's motion for sanctions or, in the alternative, motion in limine, will likely be considered by the court in deciding these pending motions and thus play a role in the adjudicative

3

process. *In re Application*, 707 F.3d at 290. Because the documents sought to be sealed are judicial records, there is at minimum a common law presumption to access. *Id.* at 291.

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *Id.*; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53. The documents filed in support of the other motions are similar in nature to those filed in support of the summary judgment motions and briefing. Accordingly, the court will apply the First Amendment standard to all the documents sought to be filed under seal.

"The mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Id.* at 253 (citation omitted). Where only the common law right of access exists, the presumption to access can be rebutted "if countervailing interests heavily outweigh the public interests in access," and the court considers "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* (quoting *Nixon*, 435 U.S. at 602). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, No. 2:17-CV-503, 2019

WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 539–42 (2d Cir.1974)). The party seeking to deny access bears the burden. *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.* The motions to seal at issue here were docketed sufficiently in advance of the court's decision; thus, the public has been provided with notice and an opportunity to object to the motions. *Id.* at 234. Only Sempowich objected to sealing the documents. The court considers below as to each document whether there are less drastic alternatives to sealing and whether public access should be denied.

### 1. Motion to Seal and Corrected Motion to Seal [DE-60, -71]

Tactile moves to seal documents filed in support of its motion for summary judgment and its motion to exclude an expert report and testimony. [DE-60, -71]. Three days after filing the initial motion to seal [DE-60], Tactile filed a corrected motion to seal [DE-71], which added docket

5
Case 5:18-cv-00488-D Document 182 Filed 05/29/20 Page 5 of 16

entry numbers and further descriptions of the documents sought to be sealed. Accordingly, the initial motion to seal [DE-60] is denied as moot.

Tactile contends the documents contain sensitive and confidential personal information about its current and former employees, commercially sensitive information regarding its regional sales and employee's sales within certain regions, and the names of its strategic partners that could be used by a competitor to the detriment of Tactile.[1] Def.'s Corr. Mot. [DE-71] at 2–4. Tactile publicly filed a copy of each document with only the alleged confidential information redacted. *Id.* at 4–6; Def.'s Reply [DE-86] n.1. Tactile's request is supported by the Declaration of Brent Moen, Tactile's Chief Financial Officer, which describes the type and confidential nature of the information Tactile seeks to seal and concludes that disclosure of such information would result in business and financial harm to Tactile. Moen Decl. [DE-71-1]. Sempowich opposes the motion to seal and also moved to strike some of Tactile's filings.[2] Pl.'s Resp. [DE-82] at 4–9. Sempowich contends Tactile waived its confidentiality claim and otherwise failed to show how the grounds for sealing overcome the First Amendment right to access. *Id.* at 4–9. Having reviewed the documents at issue and considered the arguments of the parties, the court finds that Tactile has overcome the First Amendment right to access in the sealed material and has appropriately limited through redaction access only to the sensitive information contained in each document.

Proposed sealed exhibits A005 [DE-49] and A086 [DE-65-8] contain the full dates of birth for current and former Tactile employees, and Tactile has filed publicly available copies of these documents with the month and day of birth redacted. [DE-62-5, -68]. Under the Federal Rules, a filing that contains an individual's date of birth may include only the year of the individual's birth.

---

[1] Tactile also requests the court seal any documents Sempowich has submitted that contain the same commercially sensitive information as these documents. Blanket orders to seal are not appropriate, and Tactile must file a motion to seal any documents it believes merits sealing. Local Civ. R. 79.2(a).

[2] The motions to strike are not referred to the undersigned and are not considered here.

Fed. R. Civ. P. 5.2(a)(2). Tactile appropriately sought to seal this confidential information and filed a redacted version for the public record. Fed. R. Civ. P. 5.2(d). The court notes that of the many employees whose confidential information is listed, only Sempowich is a party to this action. Accordingly, exhibits A005 [DE-49] and A086 [DE-65-8] are appropriately sealed.

Proposed sealed exhibits A023 [DE-50], A024 [DE-51], A025 [DE-69], A026 [DE-52], and A071 [DE-57] contain regional sales and performance data from 2017, including referral and shipment rates and account penetration data, that are not publicly disclosed on a region-by-region basis. Moen Decl. [DE-71-1] ¶¶ 3, 7. Tactile has filed publicly available copies of these documents with redactions of the names of territories, other than the Southern and Mid-Atlantic regions managed by Sempowich and Seeling, and company overview, product, and penetration data. [DE-63-8, -63-9, -63-10, -63-11, -64-13[3]]. Proposed sealed exhibit A065 [DE-53] includes names of Tactile's strategic partners, Moen Decl. [DE-71-1] ¶ 4, and Tactile has filed a publicly available copy of that document with redaction of those names, [DE-64-7]. Exhibit 1 to Tactile's memorandum in support of its motion to exclude the expert report of Elizabeth Berry [DE-70], A069 [DE-54], and A070 [DE-55, -56] contain order and performance data of employees by area, Moen Decl. [DE-71-1] ¶¶ 5–6, 10, and Tactile has filed publicly available copies of those documents with redaction of certain limited data and the employees names and areas, other than the Southern and Mid Atlantic areas, [DE-45-1, -64-11, -64-12]. Exhibits A081 [DE-58] and A087 [DE-59] contain revenue, productivity, order, and year-over-year growth data by region, Moen Decl. [DE-71-1] ¶¶ 8–9, and Tactile has filed publicly available copies of those documents with redaction of the region names, other than the Southern and Mid-Atlantic regions, [DE-65-3, -65-

---

[3] Exhibit A071 [DE-57] contains a two-page Account Performance Summary, but only the first page of the summary is included in the publicly available redacted version [DE-64-13]. Tactile should refile the redacted Exhibit A071 to include the missing page designated as TACTILE0388865.2 with any appropriate redactions.

9]. Absent sealing, Tactile's competitors can identify Tactile's largest and most productive regions and areas, providing new insight on target opportunities and Tactile's commercial approach and plan relative to growth opportunities, and Tactile will suffer business and financial harm from its competitors. Moen Decl. [DE-71-1] ¶¶ 11–14.

Tactile, through Moen's declaration, has sufficiently demonstrated that sealing is essential to protect its confidential information. The court finds that Tactile's interest in protecting its confidential information outweighs the public's right to access, and Tactile has appropriately limited through redaction access only to the sensitive information contained in each document. *See Mars, Inc. v. J. M. Smucker Co.*, No. 1:16-CV-01451CMHMSN, 2017 WL 11499735, at *1 (E.D. Va. Aug. 9, 2017) (allowing motion to seal summary judgment briefing and exhibits containing confidential marketing and sales information); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 746 (M.D.N.C. 2015) (allowing motion to seal documents containing proprietary financial figures where redacted versions of the documents were filed and the information was proprietary and its public release would negatively impact business) (citing *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC,* 979 F.Supp.2d 653, 656–57 (M.D.N.C.2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[ ] by public disclosure"); *Harrell v. Duke Univ. Health Sys., Inc.*, No. CIV.A. 7:07–813, 2007 WL 4460429, at *1 (D.S.C. Dec. 18, 2007) (approving the sealing of an entire exhibit because of the potential disclosure of proprietary information)); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information and directing copies with only redacted information be filed).

Sempowich argues that Tactile waived confidentiality by not filing a motion to seal the same performance metrics filed as proposed sealed documents earlier in the case. Pl.'s Resp. [DE-82] at 4–5. Tactile ultimately did file a motion to seal the earlier-filed information [DE-177] after receiving notice from the court that the documents would be unsealed absent the filing of a motion. Additionally, the documents at issue here are sufficiently different than the ones Sempowich contends Tactile agreed need not be filed under seal, which appear to pertain exclusively to the Mid-Atlantic and Southern regions. Exs. A to D [DE-82-1 to 82-4]. Sempowich also argues that the information is from 2017 and out-of-date, such that its disclosure would not harm Tactile. Pl.'s Resp. [DE-82] at 7–8. There is no evidence that the division of Tactile's sales regions and areas and the related performance metrics, Tactile's key personnel, or Tactile's strategic partners have materially changed since 2017, and there is no evidence counter to Moen's declaration that disclosure of this information would currently harm Tactile's interests. Finally, the information Tactile seeks to redact does not appear necessary to the public's understanding of the case. Tactile has left unredacted most all data in the reports, regardless of region, and it is not apparent why the redacted information, such as identification of regions or detailed data outside the Southern and Mid-Atlantic, the two relevant to Sempowich and Seeling, or the names of Tactile's other employees or strategic partners, are necessary to the public's understanding of the case. Accordingly, the motion to seal is allowed, and Exhibits A005 [DE-49], A086 [DE-65-8], A023 [DE-50], A024 [DE-51], A025 [DE-69], A026 [DE-52], A065 [DE-53], A069 [DE-54], A070 [DE-55, -56], A071 [DE-57], A081 [DE-58], A087 [DE-59] and Exhibit 1 to Tactile's memorandum in support of its motion to exclude the expert report of Elizabeth Berry [DE-70] shall remain sealed.

### 2. Motion to Seal [DE-78]

Tactile moves to seal documents filed in support of its opposition to Sempowich's motion for sanctions or, in the alternative, motion in limine. [DE-78]. Tactile contends the documents contain sensitive and confidential personal information about its current and former employees, and commercially sensitive information regarding its regional sales and employee's sales within certain regions. Def.'s Mot. [DE-78] at 2–4. Tactile publicly filed a copy of each document with only the alleged confidential information redacted. *Id.* at 4–5. Tactile's request is supported by a declaration from Moen, which describes the type and confidential nature of the information Tactile seeks to seal and concludes that disclosure of such information will cause competitive and financial harm to Tactile. Moen Decl. [DE-78-1]. Sempowich opposes the motion to seal, contends the documents Tactile moves to seal are the same underlying documents addressed in the prior motion to seal, and argues that the motion should be denied for the same reasons. Pl.'s Resp. [DE-82] at 2–6. Having reviewed the documents at issue and considered the arguments of the parties, the court finds that Tactile has overcome the First Amendment right to access in the sealed material and has appropriately limited through redaction access only to the sensitive information contained in each document.

Proposed sealed exhibits A [DE-77-1], B [DE-77-2], C [DE-77-3], and D [DE-77-4] to the Declaration of Bryan Rishe, filed in opposition to Sempowich's motion for sanctions, contain regional sales, penetration, and performance data from 2017, including headcount, product, shipment rate, customer names, and year-over-year growth data, that are not publicly disclosed on a region-by-region basis. Moen Decl. [DE-78-1] ¶¶ 3–6. Public disclosure of this information would allow Tactile's competitors to identify Tactile's largest and most productive regions and areas, provide competitors new insight on target opportunities and Tactile's commercial approach

and plan relative to growth opportunities, and cause substantial competitive harm to Tactile. *Id.* ¶¶ 7–10. The Rishe declaration itself contains excerpts from the data charts found in the exhibits. [DE-77]. Tactile has filed publicly available copies of these documents with redactions of the names of territories, other than the Southern and Mid-Atlantic regions; company overview, product, and penetration data; and detailed source data that includes customer names. [DE-73, -73-1, -73-2, -73-3, -73-4]. These documents contain the same types of information as the documents considered in the prior motion to seal. For the reasons stated above, through Moen's declaration, Tactile has sufficiently demonstrated that sealing is essential to protect its confidential its confidential information. The court finds that Tactile's interest in protecting its confidential information in these documents outweighs the public's right to access, and Tactile has appropriately limited through redaction access only to the sensitive information contained in each document. Accordingly, the motion to seal is allowed, and Rishe's Declaration [DE-77] and Exhibits A [DE-77-1], B [DE-77-2], C [DE-77-3], and D [DE-77-4] shall remain sealed.

### 3. Motion to Seal [DE-119]

Tactile moves to seal documents filed by Sempowich in support of her motion for summary judgment and in opposition to Tactile's motion for summary judgment and a reply memorandum in support of Sempowich's motion for sanctions and exhibits. [DE-119]. Tactile contends these documents contain sensitive and confidential information about Tactile's current and former employees and commercially sensitive information regarding Tactile's regional and employee sales within certain regions that is of competitive value to Tactile and would harm its interests if disclosed. *Id.* at 4–5. Tactile has divided the documents into two categories, those it seeks to file entirely under seal (Documents a.–y.) and those that will have some publicly available information with the alleged confidential information redacted (Documents aa.–jj). *Id.* at 2–3, 7. In support

of the motion, Tactile relies on the previously- submitted Moen declarations [DE-60-1, -78-1, -81-4], asserting that the information it seeks to seal in this motion is the same type of information described by Moen in relation to the prior motions. Def.'s Mot. [DE-119] at 5. Sempowich opposes the motion, arguing Tactile waived confidentiality over some documents by failing to designate them as confidential and failed to sufficiently substantiate the grounds for sealing with evidence showing particularized harm, particularly where many of the documents were not at issue in the prior motions to seal. Pl.'s Resp. [DE-144] at 3–5.

First, Tactile did not file redacted versions of Documents a.–y. because it seeks to seal these documents in their entirety, but Tactile has not shown why redaction is not a feasible alternative to sealing for each document. For example, Tactile moves to seal Document b., Exhibit 4, Excerpts from the Deposition of Bryan Rishe (185:19–186:20, 187:25–188:1, 189:5–190:2 Only), [DE-109-3]. Def.'s Mot. [DE-119] at 1. However, this document is a deposition transcript consisting of more than 100 pages. Tactile must either file a publicly available version of this document with the confidential portions redacted or explain why the entire document should be sealed. Similarly, Tactile seeks to seal Document n., Ex. 11. Excerpts from the Deposition of Julie Carter (110:2-111:4 Only), [DE-112-6]. Def.'s Mot. [DE-119] at 3. This document contains over 30 pages of the deposition transcript. Again, Tactile must either file a publicly available version of this document with the confidential portions redacted or explain why the entire document should be sealed. As another example, Tactile moves to seal in its entirety Document m., Ex. 10-B, Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories (Gorham Deposition Ex. 5), [DE-112-5]. Def.'s Mot. [DE-119] at 2. However, in a prior motion to seal [DE-60, -71], Tactile redacted only limited sensitive information from a substantially similar document, leaving much of the information accessible to the public, [DE-62-5]. Tactile must do the same here or

explain why the entire document should be sealed. Accordingly, within seven (7) days Tactile must supplement its motion to seal by filing redacted copies of Documents a.–y. or must demonstrate why redaction is not a feasible alternative to sealing these documents in their entirety, and failure to do so will result in the documents being unsealed.

Next, Tactile seeks to seal Documents aa.–jj. and has provided redacted copies of these documents with only the alleged confidential information redacted. Def.'s Mot. [DE-119] at 3, n.2. Document aa., Sempowich's Reply Memorandum in Support of Plaintiff's Motion for Sanctions [DE-84] contains account performance activity by region with the names of regions other than the Mid-Atlantic and Southern redacted, [DE-122-1]. Exhibits A through C to the reply [DE-84-1, -84-2, -84-3], contain granular account information, including client names with associated sales data, which are redacted, and the totals referenced in the reply remain visible in the redacted copies, [DE-122-2, -122-3, -122-4]. Documents ee.–jj. contain account and employee names, sales goals, referral data, granular and summary order data, and performance metrics, which have been redacted except for where it pertains to the performance of Sempowich or Seeling or is summary in nature, [DE-122-5 through -122-10]. In addressing the prior two motions to seal, the court found this type of information merits sealing and finds no reason to deviate from that decision with respect to the same type of information presented in these documents. Accordingly, Docket Entries 84, 84-1, 84-2, 84-3, 105-6, 105-7, 105-8, 105-17, 105-18, and 108-6 shall remain sealed.

Finally, there are some documents Sempowich filed as "proposed sealed documents" that Tactile now consents to being made publicly available. Def.'s Mot. [DE-119] n.1. Accordingly, the Clerk shall unseal Docket Entries 109-1, 109-5, 111-1, 111-2, 111-4, 111-6, 112-2, 112-3, 112-4, 113-1; 113-2, 113-3, 113-4, 113-5, 113-6, and 113-8. With respect to Docket Entry 113-10,

Tactile does not oppose making parts of that document public, specifically Exhibits A and B. Def.'s Mot. [DE-119] n.1. However, the capabilities of the court's filing system do not permit only certain portions of a docket entry exhibit, i.e., Docket Entry 113-10, to be unsealed. To accomplish this, Tactile must within seven (7) days refile the document [DE-113-10] with Exhibit C redacted and Exhibits A and B publicly available.

### 4. Motion to Seal [DE-142]

Tactile moves to seal two documents filed in support of Tactile's motion for summary judgment and reply. [DE-142]. The positions of the parties are reflected in the prior motions discussed above.

The first document Tactile seeks to seal is the Declaration of Daniel Carlson. [DE-140-2]. From this document, Tactile seeks to redact the names of regions, with the exception of the Mid-Atlantic and Southern regions, associated with data on referrals, OCs, and shipments, and a redacted version is publicly available on the docket, [DE-139-6]. The underlying data and the names of regions, other than the Mid-Atlantic and Southern, in the report from which the information in the Carlson Declaration was taken, was previously sealed in ruling on a prior motion to seal. [DE-73-3, -77-3, -78]. For the same reasons, the court finds it appropriate to seal the unredacted version of the Carlson Declaration.

The second document is a May 20, 2017 email from Bryan Rishe to Tracy Sempowich and Bob Folks, which contains the names of Tactile's sales personnel along with data related to quotas, OC, and sales metrics. [DE-140-1]. Tactile filed a publicly available version of this document with only the employee names redacted. [DE-139-2]. In a prior motion to seal, the court found it appropriate to seal the names of Tactile's sales personnel associated with certain data, [DE-54, 64-

11, -71-1 ¶ 5], and for the same reasons the court finds it appropriate to seal the unredacted version of the May 20 email.

Accordingly, Docket Entries 140-1 and 140-2 shall remain under seal.

### B.  Sempowich's Motion to Undesignate Documents Previously Designated as Confidential [DE-28]

Sempowich moves to compel Tactile to remove the confidential designation from portions of deposition transcripts and accompanying exhibits, arguing that Tactile applied the confidentiality designation overbroadly and not in good faith to cover up bad facts from public view. Def.'s Mem. [DE-29] at 1. Sempowich anticipated many of these documents would be filed in connection with her summary judgment motion and would need to be filed under seal creating an unnecessary procedural hurdle for the parties. *Id.* at 1–2. To avoid filing this motion under seal, Sempowich did not attach the documents at issue or describe their content in detail but offered to provide copies for *in camera* review upon request. *Id.* at 5 n.2. Sempowich filed her motion on October 16, 2019, with summary judgment motions due to be filed on October 21, to avoid "massive amounts of unnecessary work, both for Plaintiff and for the Court." *Id.* at 6–7.

The parties filed their summary judgment motions on October 21, before Tactile's response to the motion to undesignate was due. [DE-34, -41]. Tactile filed motions to seal documents filed in connection with summary judgment and other related motions on October 22 and 29. [DE-60, 78]. Tactile filed its response to the motion to undesignate on October 30, in which it supported the confidential designation as to some documents and, upon further review, agreed to remove the confidential designation as to other documents or agreed that certain confidential documents need not be filed under seal. Def.'s Resp. [DE-81] at 5–10.

Given that the motions deadline has passed, briefing is complete, and the motions to seal have, for the most part, been ruled upon in this order, it appears the motion to undesignate is now

moot and is denied as such. *Cf.* Pl.'s Notice [DE-162] (withdrawing as moot request for a conference related to the parties' dispute on confidentiality designations because the briefing on the seal motions was complete). To the extent issues remain, taking into account Tactile's concessions and the court's rulings on the motions to seal, Sempowich may file another motion and must provide copies of the disputed documents for *in camera* review.

### III. Conclusion

For the foregoing reasons, Sempowich's motion to undesignate documents previously designated as confidential [DE-28] is denied as moot, Tactile's motion to seal [DE-60] is denied as moot, Tactile's motions to seal [DE-71, -78, -142] are allowed, and Tactile's motion to seal [DE-119] is allowed in part and the court reserves ruling on the remainder.

So ordered, the 29th day of May 2020.

Robert B. Jones, Jr.
United States Magistrate Judge