IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-488-D

| | | |
|---|---|---|
| TRACY SEMPOWICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TACTILE SYSTEMS TECHNOLOGY, | ) | |
| INC., *d/b/a Tactile Medical*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Tactile Systems Technology Inc.'s motion to seal, [DE-119], which was previously allowed in part. The court reserved ruling on the request to seal certain documents and directed Tactile to file redacted versions of those documents. For the reasons stated below, the remainder of Tactile's motion to seal is allowed.

The court incorporates its prior May 29, 2020 order allowing three of Tactile's motions to seal and allowing in part a fourth motion to seal. [DE-182]. The documents Tactile moves to seal remaining for consideration are Documents a.–y. filed by Sempowich in support of her motion for summary judgment and in opposition to Tactile's motion for summary judgment. [DE-119] at 1– 2. Tactile contends these documents contain sensitive and confidential information about Tactile's current and former employees and commercially sensitive information regarding Tactile's regional and employee sales within certain regions that is of competitive value to Tactile and would harm its interests if disclosed. *Id.* at 4–5. In support of the motion, Tactile relies on the previously-submitted Moen declarations, [DE-60-1, -78-1, -81-4], asserting that the information it seeks to

seal in this motion is the same type of information described by Moen in relation to the prior motions. Def.'s Mot. [DE-119] at 5. Sempowich opposes the motion, arguing Tactile waived confidentiality over some documents by failing to designate them as confidential and failed to sufficiently substantiate the grounds for sealing with evidence showing particularized harm, particularly where many of the documents were not at issue in the prior motions to seal. Pl.'s Resp. [DE-144] at 3–5.

Documents a.–l., (DE-109-2, -109-3,-109-4, -109-6, -109-7, -109-8, -111-3, -111-5, -111-7, -111-8, -111-9, -112-1), n.–u. (DE-112-6, -112-7, -112-8, -112-9, -112-10, -112-11, -113-7, -113-9), and w.–y. (DE-116-1, -116-2, -116-3) contain information regarding employee performance in various regions and territories, strategic partners, and sensitive human resources matters unrelated to this litigation; the names of regions, with the exception of the Mid-Atlantic and Southern regions, associated with data on referrals, OCs, and shipments; and other sales-related data. In response to the court's order, [DE-182] at 13, Tactile filed publicly available redacted versions of these documents with only the confidential information redacted. [DE-184]. In addressing the prior motions to seal, the court found this type of information merits sealing and finds no reason to deviate from that decision with respect to the same type of information presented in these documents. *See* May 29, 2020 Order [DE-182] at 7–11; Moen Decl. [DE-71-1, -78-1].

With respect to Documents m., [DE-112-5], and v., [DE-113-10], they have been previously found to merit sealing, [DE-182] at 12–14, and Tactile has complied with the court's order to file copies with only the confidential information redacted, [DE-184].

Accordingly, Docket Entries 109-2, 109-3,109-4, 109-6, 109-7, 109-8, 111-3, 111-5, 111-7, 111-8, 111-9, 112-1, 112-5, 112-6, 112-7, 112-8, 112-9, 112-10, 112-11, 113-7, 113-9, 113-10,

116-1, 116-2, and 116-3 shall remain sealed.

So ordered, the 22 day of June, 2020.

                                                Robert B. Jones, Jr.
                                                United States Magistrate Judge