IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-488-D

TRACY SEMPOWICH,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )            O R D E R
                                          )
TACTILE SYSTEMS TECHNOLOGY,               )
INC., *d/b/a Tactile Medical*,            )
                                          )
            Defendant.                    )


This matter is before the court on Defendant Tactile Systems Technology Inc.'s motion to seal. [DE-177]. Plaintiff Tracy Sempowich opposes the motion in part. [DE-183]. For the reasons stated below, Tactile's motion to seal is allowed.

The court incorporates its prior May 29, 2020 and June 22, 2020 orders, including background, relevant standards, and conclusions, allowing Tactile's motions to seal. [DE-182, -185]. Here, Tactile moves to seal eleven documents denoted as Documents a.–k.: Exhibit 38 to Deposition of Bryan Rishe; Exhibit 19 to Deposition of Gerald Mattys; Tactile's Confidential Supplemental Response to Plaintiff's First Set of Interrogatories, No. 18; Exhibit 35 to Deposition of Bryan Rishe; Affidavit of Kathryn Abernethy and Confidential Exhibits (Exhibit B and C thereto); Excerpts from Deposition of Julie Carter; Letter Offer of Employment to Plaintiff Tracy Sempowich; Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment; Counterstatement of Fact; Ostrofe Report; and Ostrofe Rebuttal Report. [DE-26-1, -26-2, -38-4, -38-5, 38-11, -38-13, -92, -94, -96, -101, -133]. These documents were filed in support of

Sempowich's motion for summary judgment, Sempowich's motion to strike, Tactile's opposition to Sempowich's motion for summary judgment, Tactile's counterstatement, Tactile's opposition to Sempowich's motion to exclude opinion testimony, and Sempowich's reply in support of summary judgment. For the reasons stated in the court's May 29, 2020 order, [DE-182] at 3–4, the court finds the First Amendment right to access applies to each of the documents.

Tactile contends the documents contain sensitive personal information about non-parties, confidential third-party information, and Tactile's confidential and trade secret information. Def.'s Mem. [DE-178] at 3–7. In support of the motion, Tactile relies on the previously-submitted declarations of its CFO, Brent Moen, [DE-60-1, -78-1, -81-4], asserting that the information it seeks to seal in this motion is the same type of information described by Moen in relation to prior motions to seal. Def.'s Mot. [DE-177] at 3–5. Tactile provided redacted versions of Documents a.–f. and indicates it is willing to cooperate with Sempowich to submit redacted exhibits for Documents g.–k. *Id.* at 4. Sempowich has no objections to the sealing and proposed redaction of Documents a.–c., e., and f. and agrees with Tactile that Documents g.–i. and k. should remain sealed. Pl.'s Resp. [DE-183] at 3. Sempowich opposes the proffered redaction of Document d. and objects to sealing Document j. in its entirety. *Id.* at 3–9.

Documents c., e., and f., [-38-4, -38-11, -92], contain sensitive and confidential personal information about Tactile's current and former employees, Def.'s Mem. [DE-178] at 3, and the court finds that the employee's and Tactile's interests in maintaining the confidentiality of this information outweigh the First Amendment right to access. Tactile has provided publicly available versions of these documents with only the confidential information redacted, [DE-178-1, -178-3, -178-4]. Accordingly, Docket Entries 38-4, 38-11, and 92 shall remain sealed.

Documents g.–k., [DE-38-13, -94, -96, -101, -133], contain information of a third-party that it believes to be commercially sensitive and confidential. Def.'s Mot. [DE-177] at 2]. Document j., [DE-101], was previously sealed by the court's May 13, 2020 order, [DE-180], and a publicly available redacted version is available on the court's docket, [DE-181-5]. The court has reviewed the remainder of the documents and agrees with the parties that they contain commercially sensitive and confidential information, and the court finds that the third-party's interest in protecting that information outweighs the public's right to access. However, not all information within the documents is commercially sensitive or otherwise confidential. Accordingly, Docket Entries 38-13, 94, 96, 101, and 133 shall remain sealed, and the parties are directed to confer with the third-party and file publicly available versions of Documents g.–i. and k. with only the commercially sensitive and confidential information redacted by no later than **twenty-one (21) days** from the date of this order.

Document d., Exhibit 35 to the Deposition of Bryan Rishe, is a 2018 National Sales Meeting power point presentation by Bryan Rishe. [DE-38-5]. The entire document, with the exception of the cover page, is redacted. [DE-178-2]. The document contains detailed performance data, sales volumes for individual employees, and growth opportunities, and as the court has previously determined, the disclosure of such information could result in competitive harm to Tactile. *See* Mar. 29, 2020 Order [DE-182] at 7–8; Moen Decl. [DE-81-4] ¶ 2. The court finds there is no alternative to sealing the document in its entirety. Furthermore, the document is cited in Sempowich's Statement of Undisputed Facts to support the fact that "[i]n January 2018, Tactile announced its intention to hire Head & Neck Specialists at its annual National Sales Meeting," [DE-36] ¶ 21, the bulk of the document is unrelated to that proposition, and the relevant

3

content is not key to the public's understanding of that simple statement. Accordingly, Docket Entry 38-5 shall remain sealed.

So ordered, the _16_ day of July, 2020.

Robert B. Jones, Jr.
United States Magistrate Judge